UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CROSSROADS MEDIA, LLC,

       Plaintiff,

v.

VILLAGE OF BALDWIN,

       Defendant.
_____/

File No.  1:06-CV-514

HON. ROBERT HOLMES BELL

**O P I N I O N**

Defendant Village of Baldwin moves to dismiss this action pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted.

I.

John Weeks erected a billboard (the "Billboard") on property located in the Village of Baldwin (the "Village") in 2000. (Compl. ¶ 15). The Village notified Weeks that the Billboard was erected without a permit in violation of its zoning ordinance and that it must be removed. (Pl. Br. Ex. 1). In December 2001 Weeks sued the Village in the Lake County Trial Court alleging that the zoning ordinance was unconstitutional and violated state law. (Compl. ¶ 25; Pl. Br. Ex. 1). Weeks and the Village entered into a settlement which provided that Weeks would be permitted to maintain the Billboard until December 31, 2005; that he would remove the face of the billboard on or before January 1, 2006; that he would remove

all structural support members remaining of the billboard structure by April 1, 2006; that removal would be at Weeks' expense; and that upon entry of the Settlement Agreement, the case would be dismissed with prejudice. (Compl. Ex. 1). The Settlement Agreement was filed on September 23, 2002. (Porteous Aff. ¶ 5).

In late 2005 Weeks sold the property and the Billboard to Gary Johnson and Billboards by Johnson, Inc. (Compl. ¶ 28). On May 10, 2006, the Village filed a motion in the Lake County Trial Court to enforce the Settlement Agreement and to order Weeks to remove the Billboard. (Compl. ¶ 29; Porteous Aff. ¶ 7). Billboards by Johnson moved to intervene. Billboards by Johnson objected to enforcement of the Settlement Agreement because it was not recorded and because it did not state that it would apply to heirs, assigns or successors-in-interest. (Compl. Ex. 2; Tr. of 6/26/06 Hrg. at 4-5). The Lake County judge advised Billboards by Johnson, "you can appeal, but I'm going to enforce the settlement agreement that was reached here between Mr. Weeks and the Village of Baldwin." (Tr. of 6/26/06 Hrg. at 11). On July 6, 2006, the Lake County Trial Court issued an order requiring Weeks to remove the Billboard by July 25, 2006. The Lake County Trial Court denied Billboards by Johnson's motion to intervene for the purpose of arguing the merits of the case, but indicated that Billboards by Johnson should advise by July 25, 2006, if it still wanted to intervene for the sole purpose of the remedy that the court would impose. (Compl. Ex. 3).

Billboards by Johnson sold the Billboard and its state commercial sign permits to Plaintiff Crossroads Media, LLC. ("Crossroads"). (Compl ¶ 32). On July 21, 2006, Plaintiff

2

Crossroads filed this action against Defendant Village seeking 1) a declaration that Defendant's attempts to require the removal of the Billboard is an unconstitutional violation of Plaintiff's First Amendment rights, 2) a declaration that Defendant's attempts to require the removal of the Billboard violates the Michigan Highway Advertising Act, 3) a declaration that Plaintiff's billboard zoning ordinance is unconstitutional, 4) a declaration that Defendant has no legal contractual right to enforce the Weeks' Settlement Agreement against Plaintiff, and 5) a permanent injunction enjoining Defendant from seeking removal of the Billboard without just compensation.

## II.

Defendant's motion to dismiss for lack of subject matter jurisdiction presents a factual attack on the Court's subject matter jurisdiction. In analyzing a motion that raises a factual attack to the Court's subject matter jurisdiction, the court is not restricted to the face of the pleadings. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (citing *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)). "When a Rule 12(b)(1) motion attacks the factual basis for jurisdiction, the district court must weigh the evidence and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005).

Defendant contends that jurisdiction is barred under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine embodies the general rule that only the Supreme Court can exercise appellate jurisdiction over state court decisions under 28 U.S.C. § 1257, and that

district courts are accordingly without jurisdiction to review the final determinations of a state court in judicial proceedings. *McCormick v. Braverman*, 451 F.3d 382, 389-92 (6th Cir. 2006) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).

Plaintiff contends that the *Rooker-Feldman* doctrine does not apply because Plaintiff Crossroads was not a party to the state court action.

The Sixth Circuit has determined that the *Rooker-Feldman* doctrine applies not only to parties to the state court action, but also to a federal plaintiff in privity with a party in the state court proceeding. *McCormick*, 451 F.3d at 395. A privy is defined as either "(1) a successor in interest; (2) a nonparty who controlled the original suit; or (3) a nonparty who is adequately represented by a party in the original suit." *Id.* at 396 n.8 (citing *Becherer v. Merrill Lynch, Pierce, Fenner, and Smith, Inc.*, 193 F.3d 415, 422 (6th Cir. 1999)).

There is no question that Plaintiff Crossroads is in privity with Weeks. Plaintiff has admitted as much. According to Plaintiff's verified complaint, Plaintiff is a successor-in-interest to the rights, title and interest of Billboards by Johnson, Inc. in the Billboard and Billboards by Johnson, Inc., was the successor-in-interest to the rights, title and interest of John Weeks in the Billboard. (Compl. ¶¶ 6 & 7).

Plaintiff nevertheless contends that privity considerations do not apply in this case because the Settlement Agreement did not specify that it would bind subsequent purchasers and it was not recorded in the chain of title.

4

Plaintiff does not suggest, however, that it lacked notice of the Settlement Agreement. Plaintiff does not deny that it purchased the property with full knowledge of the controversy over the Billboard. Gary Johnson signed the verified complaint in this court "as former owner of Billboards by Johnson, Inc., and as the designated agent for Crossroads Media, LLC." (Docket # 1, Compl. at 11). Gary Johnson appeared with John Weeks at the Baldwin Village Council meeting on October 9, 2000, and participated in the discussion about the billboard ordinance and Weeks' citation for putting up a billboard without a permit in violation of the Village ordinance. (Village Council Minutes, Pl. Br. Ex. 1 at p. 19). At the state court hearing on the Village's motion to enforce the Aettlement Agreement and on Billboards by Johnson's motion to intervene, counsel for Billboards by Johnson did not assert that Johnson purchased the Billboard without knowledge of the Settlement Agreement. Counsel merely indicated that when Billboards by Johnson read the contract, it did not have an assignment clause that said it would be bound by it. (Def. Ex. 4, 6/26/06 Lake Co. Ct. Tr. at 9). According to the Village's counsel, Gary Johnson "stated that he knew of the Settlement Agreement and of Mr. Weeks' obligation to remove the billboard prior to April 1, 2006, before he acquired the subject billboard." (Porteous Aff. ¶ 10). The Court is satisfied that Crossroads is in privity with Billboards by Johnson and with Weeks.

Plaintiff contends that even if it was in privity with Weeks, the *Rooker-Feldman* doctrine does not apply in this case because Plaintiff is asserting an independent claim based upon conduct coincidently addressed by the state court.

5

In *Johnson v. De Grandy*, 512 U.S. 997 (1994), the Supreme Court explained that under the *Rooker/Feldman* abstention doctrine "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Id.* at 1005-06. More recently the Supreme Court held that the *Rooker-Feldman* doctrine is confined to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

In determining whether Plaintiff's complaint is a claim that attacks a state court judgment, which is barred by the *Rooker-Feldman* doctrine, or an independent claim, over which this Court may assert jurisdiction, the inquiry is the source of the injuries the plaintiff alleges in the federal complaint. *McCormick v. Braverman*, 451 F.3d at 393. "If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.* A federal district court has no subject matter jurisdiction over an action that effectively seeks appellate review of a state court judgment. *Id.* at 395.

Plaintiff's federal complaint does not specifically request appellate review of a state court judgment. Nevertheless, Defendant contends that a careful reading of Plaintiff's federal

6

complaint reveals that the source of the injuries Plaintiff complains about in its federal complaint is the Lake County Trial Court's Order to Remove Billboard.

Count 1 of Plaintiff's federal complaint alleges that Defendant has attempted to force the removal of the Billboard. (Compl. ¶ 36). Plaintiff requests a judgment declaring that Defendant's efforts to cause removal of the Billboard are unconstitutional and enjoining Defendant from enforcing or attempting to force the removal of the Billboard.

Count 2 alleges that Defendant's Billboard ordinance violates the Michigan Highway Advertising Act, and that Plaintiff has not offered compensation to Plaintiff and/or its predecessors for the removal of the Billboard. (Compl. ¶ 44). Plaintiff requests a judgment declaring that Defendant's efforts to cause the removal of the Billboard without any payment or just compensation are illegal and enjoining Defendant from taking any further action to cause the removal of the Billboard without payment of just compensation.

Count 3 alleges that Defendant's Billboard ordinance unconstitutionally restricts Plaintiff's right to free speech. (Compl. ¶ 50). Plaintiff requests a judgment declaring Defendant's efforts to cause the removal of the Billboard illegal, and enjoining Defendant from taking any further action to cause the removal without payment of just compensation.

Count 4 alleges that Defendant has no legal contractual right to enforce the Weeks' settlement against Plaintiff. (Compl. ¶ 55). Plaintiff requests a judgment declaring Defendant's efforts to cause the removal of the Billboard without payment of just

compensation illegal and enjoining Defendant from taking any further action to cause the removal without payment of just compensation.

Count 5 requests the Court to permanently enjoin Defendant from seeking removal of the Billboard without just compensation. (Compl. ¶ 58).

Plaintiff's federal complaint challenges Defendant's efforts to remove the Billboard. Nevertheless, Defendant's efforts to remove the Billboard are being taken pursuant to a settlement entered in state court and the state court's order enforcing that settlement and ordering removal of the Billboard. The source of the injury described in Plaintiff's complaint is accordingly the state court order. Through this action Plaintiff is effectively requesting this Court to review and reject the previously entered state court order. The substance of this action is appellate review of the state court order. Accordingly, this case falls within the parameters of the *Rooker-Feldman* doctrine as described by the Supreme Court in *Exxon Mobil Corp.:* it is a case "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. at 284. The Court concludes that it lacks subject matter jurisdiction over this action because this action is barred by the *Rooker-Feldman* doctrine.

### III.

In the alternative, even if the *Rooker-Feldman* doctrine did not apply, Defendant would nevertheless be entitled to dismissal pursuant to Rule 12(b)(6) because Plaintiff has

8

failed to state a claim upon which relief can be granted. All of Plaintiff's requests for relief are barred under the doctrine of *res judicata*.

Federal courts are required to give a state court judgment the same preclusive effect it would be given under the laws of the state that rendered the decision. 28 U.S.C. § 1738; *Executive Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 795 (6th Cir. 2004). In Michigan, claim preclusion "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Executive Arts Studio*, 391 F.3d at 795 (quoting *Adair v. State*, 470 Mich. 105, 680 N.W.2d 386, 396 (2004)). Michigan broadly construes the doctrine of claim preclusion. *Id*.

Plaintiff does not contest Defendant's assertion that the dismissal of the Lake County action with prejudice pursuant to the parties' stipulation constitutes a decision on the merits. *See Limbach v. Oakland Co. Bd. of Rd. Comm'rs*, 226 Mich. App. 389, 395, 573 N.W.2d 336 (1997) ("voluntary dismissal with prejudice acts as an adjudication on the merits for res judicata purposes"). This Court has already determined in section II above that Plaintiff was in privity with Weeks, the plaintiff in the Lake County action. Finally, all of the issues Plaintiff has raised in this action were or could have been resolved in the state court action. Accordingly, this action is barred under the doctrine of *res judicata*. Plaintiff's complaint is accordingly subject to dismissal on this alternative ground as well.

**IV.**

Defendant has filed a separate motion for sanctions pursuant to FED. R. CIV. P. 11 and 28 U.S.C. § 1927.  Plaintiff has not responded to this motion.

Defendant contends that Plaintiff's action violates Rule 11 because: (1) the action is being presented for an improper purpose causing unnecessary delay in the removal of the Billboard and needlessly increasing the Village's cost associated with the Billboard litigation; (2) the claims and other legal contentions in this action are not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal thereof; and (3) the allegations lack factual support.  Immediately after filing its motion to dismiss, Defendant gave Plaintiff the notice required by Rule 11(c) of its intention to seek sanctions if Plaintiff continued to pursue this action.  Plaintiff continued to pursue this action.

The test for whether Rule 11 sanctions are warranted is whether the conduct for which sanctions are sought was "reasonable under the circumstances." *Salkil v. Mount Sterling Tp. Police Dept.*, 458 F.3d 520, 528 (6th Cir. 2006) (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997)).  In assessing whether conduct is "reasonable under the circumstances" the court analyzes counsel's conduct as it appeared at the time counsel acted.  *Id.* at 530.

It appears to this Court that Rule 11 sanctions are warranted.  The Village obtained a final resolution of Weeks' state court action by entering into a Settlement Agreement under which Weeks agreed to remove the Billboard by a date certain.  Weeks' sale of the property

10

to Billboards by Johnson did not nullify Weeks' obligations under the Settlement Agreement. Moreover, Gary Johnson, owner of Billboards by Johnson, knew before purchasing the property that the Billboard had been erected without a permit and also knew about the Weeks' Settlement Agreement.  The state court refused to permit Billboards by Johnson to relitigate issues that had already been resolved by the Settlement Agreement.

Given this background, and given Plaintiff's failure to respond to the motion for sanctions, this Court cannot help but conclude that Plaintiff's claims were legally barred under the *Rooker-Feldman* doctrine and *res judicata*, that they were not warranted by a nonfrivolous argument for the extension of the law, and that the maintenance of this action was no more than a ploy to cause unnecessary delay in the removal of the Billboard. Plaintiff's tactics needlessly increased the Village's cost associated with the Billboard litigation.  The Village is accordingly entitled to reimbursement of the attorney fees it incurred in defending this action.

Defendant also contends that Mr. Heiss should be personally liable for its attorney fees pursuant to 28 U.S.C. § 1927 because he has unreasonably multiplied the proceedings in this matter by filing and maintaining Crossroads Media's meritless claims. Section 1927 permits the Court to require any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" to "satisfy personally" the "excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.  Not every violation of Rule 11 requires the court to also find a violation of § 1927. *Orlett v. Cincinnati*

11

*Microwave, Inc.*, 954 F.2d 414, 419 (6th Cir. 1992). This Court declines to award sanctions under § 1927 because it would duplicate the relief this Court has already determined Defendant is entitled to under Rule 11. *See Runfola & Assoc., Inc. v. Spectrum Rptg. II, Inc.*, 88 F.3d 368, 375 (6th Cir. 1996).

An order and judgment consistent with this opinion will be entered.


Date:      March 12, 2007                    /s/ Robert Holmes Bell
                                             ROBERT HOLMES BELL
                                             CHIEF UNITED STATES DISTRICT JUDGE